**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD MARCUS LEISTIKO, | No. 10-36028 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00604-BR |
| v. | |
| INTERNATIONAL LONGSHORE & WAREHOUSE UNION/LOCAL 8; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

   Ronald Marcus Leistiko appeals pro se from the district court's judgment

dismissing his action against the International Longshore & Warehouse Union,

Local 8 ("ILWU").  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

novo. *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc) (preemption); *Galindo v. Stoody Co.*, 793 F.2d 1502, 1508 (9th Cir. 1986) (statute of limitations). We affirm.

The district court properly concluded that Leistiko's claim that he was wrongfully de-registered from the union was preempted by § 301 of the Labor Management Relations Act ("LMRA") because resolution of his claim would require interpreting labor agreements. *See Cramer*, 255 F.3d at 693 (state law claim preempted under § 301 if it would require interpreting a labor agreement).

The district court properly concluded that Leistiko's claim, as preempted by § 301, was barred by the six-month statute of limitations. *See Conley v. Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913, 914-15 (9th Cir. 1987) (plaintiff's complaint alleging violations of § 301 of the LMRA and state contract law was subject to the National Labor Relations Act's six-month statute of limitations because essence of plaintiff's complaint was that the union failed to act fairly on his behalf); *Galindo*, 793 F.2d at 1509 (limitations period begins to run when plaintiff knows or should have known of the union's alleged wrongdoing).

The district court properly denied Leistiko's motion to remand to state court because the ILWU timely removed the action. *See* 28 U.S.C. § 1446(b) (notice of removal must be filed within thirty days after the defendant's receipt of the

complaint); *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 974

n.2 (9th Cir. 2004) (applying de novo review to denial of motion to remand).

Leistiko's remaining contentions are unpersuasive.

**AFFIRMED.**